# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts — (Rev 2016)

**Court Identification Docket #:** 24 2 CI
**Case Year:** 2020
**Docket Number:** 273
**Local Docket ID:**

**Filing Date:** Month 12 / Date 23 / Year 20
*(This area to be completed by clerk)*
*Case Number if filed prior to 1/1/94:*

In the **CIRCUIT** Court of **HARRISON** County — **SECOND** Judicial District

### Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

### Plaintiff
**Individual:** Last Name: **MARTIN**   First Name: **LOUWANA**

**Address of Plaintiff:** 880 Cedar Lake Rd., Biloxi, Mississippi

**Attorney (Name & Address):** Douglas L. Tynes, Jr., P.O. Box 966, Pascagoula MS 39568-0966
**MS Bar No.:** 101921

*Signature of Individual Filing:* [signed]

### Defendant
**Business:** WALMART INC.

**Attorney (Name & Address) - If Known:** _____   **MS Bar No.:** _____

### Nature of Suit (Place an "X" in one box only)

**Torts**
- [X] Premises Liability

IN THE _CIRCUIT_ COURT OF _HARRISON_ COUNTY, MISSISSIPPI

_SECOND_ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____   Docket No. If Filed
            File Yr      Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual**: _____ _____ ( _____ ) ___ ___
           Last Name     First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _WAL-MART STORES EAST, LP_____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

---

**Defendant #3:**

**Individual**: _____ _____ ( _____ ) ___ ___
           Last Name     First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

---

**Defendant #4:**

**Individual**: _____ _____ ( _____ ) ___ ___
           Last Name     First Name    Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
      Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

LOUWANA MARTIN                                                            PLAINTIFF

VERSUS                              CAUSE NO. A2402-20-273

WALMART INC., WAL-MART STORES
EAST, LP, AND JOHN OR JANE DOES 1-10                      DEFENDANTS

**COMPLAINT**

**JURY TRIAL DEMANDED**

FILED DEC 23 2020
CONNIE LADNER
CIRCUIT CLERK
BY: _____ D.C.

COMES NOW, the Plaintiff, LOUWANA MARTIN, by and through her attorneys of record, Tynes Law Firm, P.A., and files this her Complaint, against the Defendants named herein, and in support thereof present the following to wit:

**I. PARTIES**

1.      The Plaintiff, Louwana Martin, is an adult resident citizen of Harrison County, Mississippi, residing at 880 Cedar Lake Rd., Biloxi, Mississippi.

2.      The Defendant, Walmart Inc., (hereinafter "Walmart") is a foreign corporation organized and existing under the laws of Delaware and registered to do business in the State of Mississippi, with its principal office and place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and which may be served with process on its registered agent for service of process in the State of Mississippi, said registered agent being C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

3.      The Defendant, Wal-Mart Stores East, LP, is a foreign limited partnership organized and existing under the laws of Delaware and registered to do business in Mississippi, with its principal office and place of business located at 702 SW 8th Street, Bentonville, Arkansas 72716, and may be served with process through its registered agent for service of process in the

State of Mississippi, said registered agent being C.T. Corporation System located at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4. Defendants, John or Jane Does 1 through 10, represent persons or entities whose identities are not currently known to the Plaintiff, but may become known to the Plaintiff during the course and scope of this litigation. In the event the identities of said persons/entities are discovered, their legal names/identities will be substituted in place of the John/Jane Doe fictitious Defendants in the time and manner provided by law.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to the facts and circumstances which led to the injuries of the Plaintiff occurring within this judicial district.

6. Venue is proper in the Second Judicial District of Harrison County, Mississippi, as a substantial part of the events and/or omissions giving rise to this claim occurred in this judicial district.

## III. FACTS

7. At all material times, Defendants, Walmart Inc. and Wal-Mart Stores, East, LP, own and operate numerous retail stores throughout the United States and Mississippi, including a Walmart Neighborhood Market store located on 1820-A Popp's Ferry Road, Biloxi, Mississippi, store number 4586.

8. At all material times, Defendants maintain and control the stores' premises, including store number 4586. At all material times, Defendants advertised and held themselves out as a national brand and chain of stores.

9. Defendants have actual knowledge of the hazards posed to their customers by wet floors in its stores. Defendants had a duty to train and supervise their employees in the proper way to ameliorate the hazards posed by wet floors to customers and employees.

10. Defendants placed and maintain men's and women's restrooms within the subject store for the use of their customers. At all material times, Defendants have specific knowledge of an increased risk to customers of wet floors in the restrooms as a result of the number of plumbing fixtures in the restrooms and the slickness of the floors when they are wet. Specifically, Defendants have actual knowledge of this dangerous condition that is present at each store. Nonetheless, Defendants have failed and refused to protect or warn their customers of this dangerous condition.

11. Plaintiff would show that on or about January 19, 2012, the Plaintiff, Louwana Martin, was an invitee of the Defendants in so much as she went upon the Defendants' premises in answer to the express or implied invitation of the Defendants for the use of the store services provided by the Defendants. Plaintiff was shopping in Defendants', Walmart Inc. and Wal-Mart Stores East, LP, store number 4586, located on Popp's Ferry Road in Biloxi, Mississippi.

12. One of the toilets in the lady's restroom was overflowing. A Wal-Mart employee put a "Wet Floor" sign in the restroom close to the overflowing toilet. The toilet's water continued overflowing, spilling water on the floor. Wal-Mart's agents and employees had actual knowledge of the overflowing toilet and took no action to stop the toilet from overflowing.

13. As Plaintiff walked into the lady's restroom to use the facilities, the floor leading to and in the restroom was not wet. Ms. Martin finished using the facilities and exited the restroom. As Ms. Martin made her way out of the restroom, she slipped in water that had seeped under the doorway just outside the restroom. Ms. Martin fell backward onto the floor, landing on the puddle

and violently striking her head on the floor. Plaintiff went to the emergency room where she received treatment for her injuries.

14. Plaintiff would show that she has been seriously injured and sustained damages for which she is entitled to recover of and from the Defendants.

15. Both before and after the subject incident, other customers and employees of the Wal-Mart Defendants have been injured by slipping and falling on wet floors at various other Walmart stores in Mississippi and throughout the United States.

### COUNT I: BREACH OF DUTY AGAINST THE DEFENDANTS
### (PREMISES LIABILITY)

16. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 in their entirety as though fully copied and stated herein.

17. Plaintiff would show that Defendants, Walmart Inc. and Wal-Mart Stores East, LP, owed a duty to Plaintiff to exercise reasonable care to keep the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions not readily apparent to the Plaintiff, but which the Defendants knew or should have known about through the exercise of reasonable care.

18. Defendants also owed a duty to Plaintiff not to create a dangerous condition on their premises, and to warn patrons of dangerous conditions that were created by the Defendants. Defendants were negligent in failing to make their premises reasonably safe for their customers in one or more of the following particulars:

    a. In maintaining the plumbing in the restrooms of their stores;

    b. In placing and maintaining "wet-floor" signage in their stores;

    c. In negligently creating, providing, and maintaining inadequately safe floors throughout the store for customer passage;

    d. Failing to warn of the danger of wet floors despite having specific knowledge that wet floors pose a danger to the customers;

    e. Failing to warn of known dangerous conditions;

    f. Failing to protect customers from known dangerous conditions;

    g. Failing to guard against known dangerous conditions;

    h. Failure to implement policies and procedures to protect customers from the dangerous conditions.

19. Defendants breached their duty to keep the premises in a reasonably safe condition for their patrons, including the Plaintiff, and to warn Plaintiff of dangerous conditions not readily apparent to the Plaintiff, but of which the Defendants knew or should have known in the exercise of reasonable care.

20. Defendants knew or should have known that the area in which the Plaintiff was injured was unsafe but refused to take reasonable measures to protect their patrons or warn their patrons. Defendants failed to exercise reasonable care with regard to the dangerous conditions they created.

21. Such acts and omissions by Defendants were the direct and proximate cause of Plaintiff's injuries.

### COUNT II: GENERAL NEGLIGENCE AND GROSS NEGLIGENCE AGAINST THE DEFENDANTS

22. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21 in their entirety as though fully copied and stated herein.

23. Defendants' negligence, recklessness, carelessness, and/or gross negligence evidences a willful, wanton, or reckless disregard for the safety of others which consisted of, but is not necessarily limited to, the following facts or omissions:

a. Failure of the Defendants to exercise reasonable care to keep the premises in a reasonably safe condition;

b. Failure to warn Plaintiff of dangerous conditions not readily apparent to Plaintiff, but which the Defendants knew or should have known in the exercise of reasonable care;

c. Failure to properly maintain the area before allowing its patrons to enter;

d. Failure to hire qualified employees;

e. Failure to properly train employees;

f. Failure to properly supervise employees;

g. Other acts or omissions that will be shown at the trial of this cause.

24. Such acts and omissions by Defendants were a direct and proximate cause of the Plaintiff's injuries.

25. Further, Plaintiff would show that the Defendants' acts and omissions constitute gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, thus entitling your Plaintiff to an award of punitive damages.

26. Plaintiff has suffered and continues to suffer injuries and damages as a direct and proximate result of the negligence, recklessness, carelessness and/or gross negligence of the Defendants.

27. But for the Defendants' acts of negligence, recklessness, carelessness, and/or gross negligence, described in the above paragraphs, the Plaintiff would not have suffered and continue to suffer the injuries and damages complained of herein. The negligent, reckless, careless, and/or grossly negligent conduct of the Defendants discussed hereinabove, were the proximate and/or contributing causes of the injuries suffered by the Plaintiff.

28. Plaintiff would show that as a direct and proximate result of the negligence, recklessness, carelessness, and/or gross negligence of the Defendants and/or their agents' employees, and representatives, she was severely injured, and sustained personal injuries, suffered physical pain and suffering, mental pain and suffering, and incurred certain expenditures and obligations for medical expenses for which she is entitled to recover as damages as will be shown by proof at the trial of this cause.

29. Plaintiff has incurred medical bills and may continue to need reasonable and necessary medical treatment for which she is entitled to recover of and from the Defendants.

30. Plaintiff would show specifically that she is entitled to all damages afforded her under the Laws of the State of Mississippi, including but not limited to medical, hospital, drugs, and all allied health expenses, physical and mental pain and suffering, together with all penalties and interest which may be applicable. Plaintiff would show other damages and injuries to be shown at the trial of this matter.

31. Plaintiff would show that the acts and omissions of the Defendants are so grossly negligent as to constitute a willful, wanton, or reckless, disregard for the safety of others, for which punitive damages must be assessed against the Defendants to deter future such acts as herein described.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND PAIN AND SUFFERING

32. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 in their entirety as though fully copied and stated herein.

33. As a direct result of the Defendants' negligent acts in their failure to maintain a safe, hazard free store for their invitees' use, Plaintiff has suffered the following damages:

   a. Plaintiff suffered an injury while an invitee on the Defendants' premises;

  b. Plaintiff suffered a lengthy recovery that is still ongoing and may require one, if not multiple future surgeries; and

  c. Plaintiff suffered and continues to suffer a long rehabilitation period.

## COUNT IV: DAMAGES

34. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 33 in their entirety as though fully copied and stated herein.

35. As a direct and proximate result of the aforementioned breaches of duty by the Defendants, Plaintiff has suffered injuries and sustained damages, continues to suffer injuries and damages, and is entitled to damages for which there are provisions under the laws of the State of Mississippi, including but not limited to the following:

  a. Past, present, and future physical pain and suffering;

  b. Past, present, and future emotional distress, mental anguish, anxiety, worry, and other such damages;

  c. Past, present, and future loss of enjoyment of life;

  d. Past, present, and future expenses for medical, hospital, drugs, and other allied health services;

  e. Past, present, and future, if any, lost wages;

  f. Loss of society and companionship;

  g. Loss of enjoyment of life, humiliation, degradation, and other such damages;

  h. Punitive damages;

  i. Special Damages;

  j. Such other damages as may be determined by law or fact;

    k.    Attorney's fees; and

    l.    Any and all costs, litigation costs, expert fees, penalties, and interest (pre- or post-judgment), that may be applicable under the laws of the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, LOUWANA MARTIN, prays that her Complaint be received, filed, and served on the Defendants herein. Plaintiff further requests a jury trial and after said trial, requests a judgment be entered against the Defendants, Walmart Inc., Wal-Mart Stores East, LP, and John or Jane Does 1-10, for an amount in excess of the jurisdictional minimum of this Court, for any and all actual, compensatory, and punitive damages as a result of Defendants' negligence, recklessness, carelessness, and/or gross negligence, emotional distress, together with interest from the date of the incident, attorney's fees and all costs of court to accrue to be determined at a trial hereon; and

Petitioner prays for such other, further and/or more general relief to which she may be entitled.

DATE: December 21, 2020.

                                        Respectfully submitted,
                                        **LOUWANA MARTIN**

                                        BY: _____
                                        DOUGLAS L. TYNES, JR., MSB # 101921
                                        Attorney for Plaintiff

DOUGLAS L. TYNES, JR. (MSB # 101921)
TYNES LAW FIRM, P.A.
525 Krebs Avenue (39567)
P.O. Drawer 966
Pascagoula MS 39568-0966
(228) 769-7736 Office
(228) 769-8466 Facsimile
monte@tyneslawfirm.com